UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SJM IRREVOCABLE FAMILY
TRUST AND OASIS SHORES
RESORT COMMUNITY, LLC,**

   Plaintiffs,

v.                                       **No. 4:21-cv-01363-P**

**CITY OF RUNAWAY BAY AND
HERMAN WHITE,**

   Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss. ECF No. 21. Having considered the Motion, briefs, and applicable law, the Court concludes that the Motion should be and is hereby **GRANTED**.

## BACKGROUND

This case arises from the City of Runaway Bay's ("the City") denial of Plaintiff's application to connect to water and sewage utilities. Plaintiffs SJM Irrevocable Family Trust and Oasis Shores Resort Community, LLC (collectively, "Oasis") purchased land within the City's extraterritorial jurisdiction. After purchasing the land, Oasis submitted a service application for water and sewage taps in 2018. However, shortly thereafter, the City issued a temporary moratorium on all applications for water and sewage taps outside of the City limits. Subsequently, after filing a second application, the City denied both applications due to the moratorium being in effect.

Over two years later, the Family Trust filed another application for water and sewage connections. After failing to resolve the issues with the City, Oasis filed this suit in 2021 and concurrently filed a complaint with the Texas Public Utilities Commission ("PUC"). This case was

stayed pending the outcome of the PUC proceedings. Then, in 2023, the City permitted Oasis to connect to water and sewage taps. The PUC proceedings were dropped, and Oasis amended its complaint. The city moved to dismiss, and that Motion is now ripe for the Court's review.

## LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)).

However, courts are not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64). Furthermore, "[t]he standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

## ANALYSIS

The City and its Mayor, Herman White, filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c). *See* ECF No. 21. For the reasons stated below, the Court finds that Oasis fails to

state a plausible claim for relief. The claims against the City and Mayor are thus **DISMISSED**.

### A. The Court Has Subject Matter Jurisdiction

*First*, the City argues that the Court lacks subject matter jurisdiction because the City ultimately permitted Oasis to connect water and sewage lines, rendering the claims moot. *See* ECF No. 21 at 8–9. In federal court, "a case or controversy must exist at all stages of the litigation, not just at the time the suit was filed." *Lopez v. City of Hous.*, 617 F.3d 336, 340 (5th Cir. 2010). "Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Fontenot v. McCraw*, 777 F.3d 741, 747 (5th Cir. 2015).

A claim becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *La. Env't Action Network v. United States EPA*, 382 F.3d 575, 581 (5th Cir. 2004) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). While SJM is now connected to water utilities, it still possesses a legally cognizable interest in the outcome of this case. *See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 608–09 (2001) (explaining that although new legislation would eliminate the FHA violation, "so long as the plaintiff has a cause of action for damages, a defendant's change in conduct will not moot the case").

If Oasis succeeds in its claims, it will collect damages caused by the years without water utilities. As in *Buckhannon*, merely removing the underlying issue does not resolve the injury caused by that dispute. *See id.* Oasis has succeeded in what it sought to accomplish—connecting its property to water utilities. While this may moot any injunctive relief sought, Oasis still possesses a legitimate and cognizable interest in monetary relief. "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). Here, Oasis possesses a concrete interest in attaining monetary relief for the time spent without a utility tap, so the claims are not moot.

3

**B. Claims Against Mayor White**

The City moves to dismiss any claims brought against the Mayor. *See* ECF No. 21 at 1. In their First Amended Complaint, Oasis joined the Mayor for his actions concerning the original water utility dispute. *See* ECF No. 20 at 1. While Oasis fails to clarify whether the claims were brought against the Mayor in his official or individual capacity, the allegations indicate the claims against the mayor are in his official capacity. The Complaint alleges that "Mayor White decreed a temporary moratorium" and that the City's actions were "at the direction of Mayor Herman White." ECF No. 20 at 3, 5. Both are official duties of an elected mayor.

As a matter of law, plaintiffs may not sue a government official acting in their official capacity when the government entity is also a party to the case. *See Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000) ("The official-capacity claims and the claims against the governmental entity essentially merge"); *see also Dreyer v. City of Southlake*, No. 4:06-CV-644-Y, 2007 WL 2458778 at *9–10 (N.D. Tex. Aug. 22, 2007) (Means, J.) (dismissing claims against city officials acting in their official capacity).

Yet, in its Response, Oasis clarifies that the Mayor took actions outside of his official capacity as mayor. *See* ECF No. 29 at 6. Oasis suggests that the Mayor's actions were "in a personal vendetta against the Plaintiffs" and that he has a history of abusing the office. *Id.*

"State lawmakers [including elected city officials] can invoke legislative privilege to protect actions that occurred within 'the sphere of legitimate legislative activity' or within 'the regular course of the legislative process." *La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228, 235 (5th Cir. 2023) (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)). Oasis provides no facts supporting the allegation that the Mayor acted outside his "sphere of legitimate legislative activity." *Id.* Furthermore, both allegations are conclusory. Oasis merely alleges that the Mayor "acted outside his official capacity." Consequently, the pleading falls short of the plausibility standard, and the claims against Mayor White are **DISMISSED**.

### C. Oasis's Due Process and Equal Protection Claims Must be Dismissed

In the alternative, the City argues that Oasis failed to plead valid claims for both the procedural due process and equal protection claims. *See* ECF No. 21 at 12–16.

1. Denial of Procedural Due Process

*First*, Oasis argues that the City violated its procedural due process rights by denying its application to connect to utilities. *See* ECF No. 20 at 7. In addition, Oasis alleges that the lack of a hearing and the failure of the City to provide a neutral factfinder to process the applications contributed to this violation. *Id.* Despite characterizing the denials as if the City were denying Oasis' due process rights, in reality, Oasis failed to follow the correct procedure to attain utility taps.

The "guarantee of fair procedure" under the Due Process Clause provides an avenue for claims where state action deprives an individual of "life, liberty, or property. . . *without due process of law.*" *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). These procedural due process claims require a two-part analysis: (1) whether the alleged interest "qualif[ies] as property interests for purposes of procedural due process and (2) if so, whether the process the state provided "was constitutionally adequate." *Bowlby v. City of Aberdeen*, 681 F.3d 215, 220 (5th Cir. 2012).

Here, Oasis fails to state a plausible claim for a procedural due process violation. Procedural due process requires notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971). Oasis had both notice and an opportunity to be heard as the City denied Oasis' application to connect to utilities because Oasis never obtained a final plat for the proposed subdivision. *See* ECF No. 20 at 3–5.

However, Oasis contends that Texas law does not require them to submit a final plat because its application was as a "manufacture[d] home and recreational vehicle community" rather than a subdivision. *Id.* at 4. Oasis points to Section 232.007(b), which exempts manufactured homes and recreational vehicles from the definition of a subdivision. *See id.*; TEX. LOC. GOV'T CODE § 232.007(b). However, this

5

section is titled "*County* Regulations of Subdivisions." § 232 (emphasis added). The City of Runaway Bay is a municipality within Wise County and is, thus, not subject to Section 232. *See* ECF No. 20 at 1. Instead, the City is governed by the "Municipal Regulation of Subdivisions," which does not contain the same exemption. *See* § 212. Regardless, "a violation of state law is alone insufficient to state a constitutional claim under the Fourteenth Amendment." *FM Properties Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996) (citation and internal quotations omitted). Consequently, Oasis was required to obtain a final plat, and its failure to do so negates its ability to claim the City violated Oasis' due process rights.

Moreover, the temporary suspension of utility applications contained a variance procedure. *See* ECF No. 22 at 33. Yet, Oasis never sought a variance and merely stated doing so would be "futile." *See* ECF No. 29 at 6–7. Oasis argues that its application was submitted before the temporary suspension was enacted and that Section 245.002 of the Texas Local Government Code vests applications with the rules and regulations in place at the time of application. *Id.* This means that the City would be required to issue the utility taps based on the regulations in place prior to the implementation of the moratorium. However, it is unclear how this would make the variance procedure "futile." A variance, if sought, would provide Oasis with an opportunity to be heard. Once a variance is submitted, the City is required to hold a public hearing to consider the variance.[1] *See* ECF No. 22 at 33. Regardless, the code cited by Oasis does not apply. The code specifically exempts "regulations for utility connections." *See* TEX. LOC. GOV'T CODE ANN. § 245.004(8) ("This chapter does not apply to . . . regulations for utility connections."). Thus, the temporary suspension still applies to Oasis' application despite it being submitted before the suspension's enactment. Even if Oasis were correct, it would still have the opportunity to be heard through the variance procedure.

---

[1]The Court takes judicial notice of City of Runaway Bay Resolution No. 348. *See In re Waller Creek, Ltd.*, 867 F.2d 228, 238 n.14 (5th Cir. 1989) (recognizing that courts may readily take judicial notice of legislative facts such as statutes and ordinances).

Accordingly, Oasis possessed various avenues to be heard. The relevant question is whether the state provided a "constitutionally adequate" process. *See Bowlby*, 681 F.3d at 220. It did, even if Oasis never sought it out. Thus, the procedural due process claim must be **DISMISSED**.

2. Denial of Equal Protection

*Second*, Oasis alleges that the City violated the Equal Protection Clause by denying Oasis connection to city utilities while permitting other property owners access to those same utilities. *See* ECF No. 20 at 7–8. Equal protection claims may be brought by a "'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "We review such claims under a two-prong test: the plaintiff must show that (1) he or she was intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in treatment." *Lindquist v. City of Pasadena*, 669 F.3d 225, 233 (5th Cir. 2012) (citing *Olech*, 528 U.S. at 564).

Oasis fails both prongs. For prong one, Oasis must show that the city "treat[ed] similarly situated individuals differently *for a discriminatory purpose*." *Integrity Collision Ctr. v. City of Fulshear*, 837 F.3d 581, 588 (5th Cir. 2016). Beyond conclusory allegations, Oasis pleads no facts to plausibly allege that Oasis was treated differently than similarly situated property owners. Oasis merely asserts that the City "grant[ed] those same services to other property owners within its jurisdiction." ECF No. 20 at 8. Yet, Oasis points to no specific owners nor alleges whether those property owners had sought a variance. *See Thompson v. Morgan*, 698 F. App'x 169, 170 (5th Cir. 2017) (per curiam) (affirming the dismissal of an equal protection claim where plaintiffs failed to allege facts to show how others were similarly situated). Though the Court takes factual allegations as true at the motion to dismiss stage, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. A mere allegation that Oasis was treated differently, without more, is insufficient to overcome a motion to dismiss.

Even if Oasis *could* allege facts to support the first prong, its claim would still fail because Oasis cannot overcome the high bar of rational basis review under the second prong. To succeed on rational-basis review, plaintiffs must overcome a demanding standard in which political branches' policy choices enjoy "a strong presumption of validity." *F.C.C. v. Beach Commc'n, Inc.*, 508 U.S. 307, 315 (1993). A policy that "neither proceeds along suspect lines nor infringes fundamental constitutional rights" must be upheld "if there is any reasonably conceivable state of facts that could provide a rational basis" for the legislative choice. *Id.* at 313. "There is a presumption of constitutionality," so a plaintiff bringing a constitutional challenge to a regulation thus faces the challenging burden of refuting "every conceivable basis which might support it." *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973). At trial, plaintiffs ultimately have the burden to show that the statute possesses no rational means of advancing a legitimate government purpose. *F.C.C.*, 508 U.S. at 307. Thus, plaintiffs are not entitled to survive a motion to dismiss merely by stating some facts which could conceivably be unreasonable. *See Hines v. Quillivan*, 982 F.3d 266, 274 (5th Cir. 2020). Instead, at the motion to dismiss stage, plaintiffs must plausibly allege that no set of facts exists that would provide a rational basis for the challenged policy. *See F.C.C.*, 508 U.S. at 313; *see also Hines*, 982 F.3d at 276 (affirming the dismissal of an equal protection claim where the court conceived of "many rational bases").

Oasis admits that the basis for denying its application was because a temporary moratorium was in place. *See* ECF No. 20 at 3. Consequently, the only question remaining is whether the City's application of the moratorium to Oasis had no rational basis. It does. *See* ECF No. 21 at 14–15. In 2017, the City received word from the Texas Commission on Environmental Quality that it had multiple violations relating to its water and sewage supply. *See* ECF No. 22 at 31. This included capacity issues, which led the City to determine it necessary to temporarily restrict the issuance of new approvals for connecting to City utilities. *See id.* at 31–32. Admittedly, this fact only appears by reference in Resolution No. 348. *See* ECF No. 22 at 31. Nevertheless, the rule is

8

not that the City must provide *the* reasoning, but that Oasis must refute *every* conceivable rational basis. *See F.C.C.*, 508 U.S. at 313; *Integrity*, 837 F.3d at 589 (affirming that plaintiffs must "demonstrate that there is no rational basis" for the city's decision).

The City's reasoning behind the resolution of restricting new connections to utilities when capacity is at issue is an entirely rational policy choice for the city to make. Restricting the addition of 20 acres of mobile homes to a system already suffering from capacity issues is eminently reasonable. Irrespective of the City's reasoning, the burden is Oasis's, and they have failed to overcome the high bar. Consequently, Oasis's equal protection claim is **DISMISSED**.

3. Declaratory Relief

Initially, it appears that Oasis has raised declaratory relief as a separate cause of action. *See* ECF No. 20 at 8–9 ("Count III"). If that is the case, the Court notes that declaratory relief, in itself, is not an independent cause of action but a form of relief. *See Earnest v. Lowentritt*, 690 F.2d 1198, 1203 (5th Cir. 1982). In the absence of a case or controversy, courts may not grant declaratory relief. *Id.* So, assuming Oasis intended to bring this as an independent cause of action, this "count" is also **DISMISSED**.

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 21) is **GRANTED**, and the claims against the City of Runaway Bay and Mayor White are **DISMISSED with prejudice**.

**SO ORDERED** on this **9th day of August 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE